## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHARLES KING,

                                    Plaintiff,

          v.                                            1:06-cv-22-WSD

UNITED STATES OF AMERICA,

                                    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss [7]. Plaintiff has not filed a response to Defendant's motion.[1]

## I.      BACKGROUND

On November 30, 2005, Plaintiff filed suit against Dr. Manzoor Ali in the Magistrate Court of Gwinnett County, Georgia.  Plaintiff alleges Dr. Ali made false statements about Plaintiff's behavior while he was a patient at the Department of Veteran Affairs (the "VA").  Plaintiff claims Dr. Ali's actions resulted in his false arrest, defamation, suspension of VA healthcare privileges, and pain and suffering.  (See Statement of Claim, attached to Notice of Removal [1].)

_____

[1] Because a response has not been filed Defendant's motion is deemed unopposed.  See L.R. 7.1(B), N.D. Ga.

The United States Attorney for this district certified that Dr. Ali was acting within the scope of his employment when the incident occurred.  (See Notice of Substitution [2].)  On January 5, 2006, pursuant to 28 U.S.C. § 2679(d)(2), the United States removed this case to this Court, (see Notice of Removal [1]), and on February 8, 2006, the United States was substituted as the Defendant in this action pursuant to Section 2679(d)(1).  (See Feb. 8, 2006 Order [6].)

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant claims Plaintiff's claims are barred by 28 U.S.C. § 2680(h), an exception to the Federal Tort Claim Act's ("FTCA") waiver of sovereign immunity.

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and a federal court must take care to ensure that it has jurisdiction for all cases that come before it.  Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000).  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.

-2-

2001).  Where, as here, subject matter jurisdiction is challenged by a Rule 12(b)(1)

motion, the court must evaluate whether the plaintiff has sufficiently alleged a

basis of subject matter jurisdiction.  Garcia v. Copenhaver, Bell & Assocs., 104

F.3d 1256, 1261 (11th Cir. 1997).

> Attacks on subject matter jurisdiction under Fed. R. Civ.
> P. 12(b)(1) come in two forms:  "facial attacks" and
> "factual attacks."  Facial attacks on the complaint require
> the court merely to look and see if the plaintiff has
> sufficiently alleged a basis of subject matter jurisdiction,
> and the allegations in his complaint are taken as true for
> the purposes of the motion.  Factual attacks, on the other
> hand, challenge the existence of subject matter
> jurisdiction in fact, irrespective of the pleadings, and
> matters outside the pleadings, such as testimony and
> affidavits, are considered.

Id. at 1260-61 (quotations and citations omitted).

The FTCA provides the exclusive remedy for tort actions against the United

States and contains a general waiver of sovereign immunity.  See 28 U.S.C.

§§ 1346(b), 2679.  The FTCA's waiver of sovereign immunity does not apply to

"[a]ny claim arising out of assault, battery, false imprisonment, false arrest,

malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or

interference with contract rights."  28 U.S.C. § 2680(h); Metz v. United States, 788

F.2d 1528, 1531 (11th Cir. 1986).  "[A] cause of action which is distinct from one

of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an

excepted cause of action when the underlying governmental conduct which

constitutes an excepted cause of action is essential to plaintiff's claim." <u>Metz</u>, 788

F.2d at 1534 (quotation and citation omitted).

In this case, Plaintiff asserts claims against the United States for (i) "arrest

on false allegations of felony assault," (ii) "defamation resulting from false

allegations of violent behavior at the VA which caused the VA to suspend needed

healthcare for more than a year," and (iii) pain and suffering resulting in

hospitalization for depression and anxiety."  (Statement of Claim.)  Construing

Plaintiff's allegations liberally in view of his *pro se* status, the Court construes

Plaintiff's complaint against the United States to include claims for libel, slander,

defamation, malicious prosecution, false arrest, interference with contract rights

and infliction of emotional distress.  Because the causes of action asserted by

Plaintiff are expressly listed in Section 2680(h) as exceptions to the United States'

waiver of immunity, or arise out of an excepted cause of action, the Court finds

Plaintiff's claims are barred by 28 U.S.C. § 2680(h).  <u>See</u> <u>Metz</u>, 788 F.2d at 1533-

36 (finding plaintiffs' claims for intentional infliction of emotional distress "'arise

out of' slander for the purposes of § 2680(h) and are not actionable under the

FTCA").[2]  Accordingly, this Court does not have jurisdiction over Plaintiff's claims and Plaintiff's claims must be dismissed.

**III.**   **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [7] is **GRANTED**.

**SO ORDERED** this 24th day of May, 2006.

_William S. Duffey_

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2]  Because the Court finds it does not have jurisdiction on this basis, the Court is not required to address Defendant's alternative grounds for dismissal based on Plaintiff's alleged failure to raise his claims at the administrative level. (See Mot. to Dismiss at 7-8.)